[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Canova Construction Co., Inc., (Canova) brings this action in four (4) counts seeking damages from the defendant, L.M. Storage Facilities, LLC, dba (LM Storage) for entering plaintiff's rented facility and removing and disposing of its contents, i.e., plaintiffs personal property.
The defendant denies the pertinent allegations of the complaint.
The plaintiff, in its complaint, alleges that the parties had contracted to rent a storage facility by the defendant to the plaintiff at a monthly rental fee; that the defendant entered into plaintiff's rented facility, removed its personal property and disposed of it all without any actual notice to the plaintiff or receiving its permission.
The defendant replies that the plaintiff failed to pay its monthly rent, thus, breaching its rental agreement; that, the defendant failed in its attempts at contacting the plaintiff regarding payment of the rental arrearage, and, to inform the plaintiff that it intended to repossess the facility rented to the plaintiff and to remove plaintiff's personal property from that facility if the rent was not paid.
The defendant further asserts that its inability to contact the plaintiff resulted when the plaintiff moved its business location without informing the defendant of its new address and telephone number.
The court finds that the defendant became the owner of a storage space rental facility. The plaintiff was renting one of the storage units and stored therein equipment and supplies used in its business constructing, CT Page 9810-af repairing and renovating gasoline stations.
The plaintiff failed to pay the monthly rental when due.
The defendant then entered plaintiff's locked unit and removed and disposed of the stored items at a dump.
Although the defendant had the option of protecting its financial interests by enforcing the statutory lien (General Statutes § 42-160) on plaintiff's stored personal property, it was not required to nor did it do so.
The defendant, after entering the rented unit and viewing plaintiff's property, determined not to avail itself of the enforcement provisions of the statutory (General Statutes Chapter 743) lien and the sale procedure therein set out. It determined that the plaintiff's property had little or no value and consigned it to the dump.
The court agrees that the defendant's decision to proceed in reclaiming its rental space without the benefit of the assistance provided and available to it through General Statutes Chapter 743 was proper and permissible in this situation. However, the court disagrees with the defendant's actions in implementing its determination to regain possession of the unit when the plaintiff failed to carry out its contractual obligation to pay the outstanding rental charges.
The defendant justifies its action in entering the plaintiff's unit as being permitted by its contract (Exhibits 1 and 2) with the plaintiff; that plaintiff's nonpayment of rent resulted in the termination of the contract and returned possession of plaintiff's unit to the defendant.
The plaintiff admits its failure to pay the rental as required under the contract; however, it contends that the contents of the unit contained equipment and materials of value to the plaintiff and that the defendant had a duty to care for these items until they were returned to the plaintiff or disposed of as provided by statute (General Statutes Chapter 743); that the defendant's failure to do so was a breach of its contractual duties owed to the plaintiff as well a violation of statutory duties set out in General Statutes Chapter 743.
The defendant argues that it had no duty under the contract to protect the plaintiff's personal property once the plaintiff defaulted on its contract. Further, that (General Statutes Chapter 743) provided a method by which the defendant could recover unpaid rent by permitting the CT Page 9810-ag defendant to enforce the lien on the plaintiff's personal property within the unit and then to sell it or otherwise dispose of it; that, however, the defendant did not attempt nor was it required to recover its rentals and costs as permitted by statute. It did, instead, superficially evaluate the defendant's personal property as being without value and disposed of it as rubbish at a dumping ground.
The court finds that the defendant had a duty to notify the plaintiff of its proposed actions and to permit the plaintiff to recover its property by paying those sums set out in the statute. It negligently failed to carry out this duty owed to the plaintiff resulting in monetary damage to the plaintiff.
The court agrees that the defendant was not required to take advantage of the protection offered to the defendant through General Statutes Chapter 743, and thus, was not required to seek to satisfy the lien on the plaintiff's personal property nor to put the property up for sale.
The court does note that the statute also provides protection for the plaintiff, as the occupant of the storage unit rented from the defendant, by requiring notice by the defendant, as the owner, to the occupant (i.e., the plaintiff herein) of the action the defendant anticipated taking with the plaintiff's property. Where, as here, the owner was unable to reach the plaintiff by mail or phone, Chapter 743 permits the disposition of an occupant's personal property after the publication of a newspaper advertisement, and/or the posting of the advertisement in the neighborhood of the storage facility prior to the sale or other disposition of the property. Further, within sixty days after the default, the occupant may redeem the personal property by paying the amount due to satisfy the lien, which attached at the date of default.
Thus, even though the defendant herein did not intend to take advantage of rights available to it to foreclose the lien on defendant's personal property, the lien itself required no overt action on the defendant's part to attach the plaintiff's property. This lien, per General Statutes § 42-160, "attaches on the date of default by the occupant."
It therefore follows that the statutory rights available to the occupant — plaintiff herein are valid regardless of the actions of the owner or his failure to take any action permitted by General Statutes Chapter 743.
On the other hand, the owner's failure to comply with the requirements set out in Chapter 743 cuts off the owner's ability to satisfy his lien CT Page 9810-ah rights by sale or other disposition of the liened personal property located in the unit.
Therefore, the court determines that the defendant negligently failed to protect the interests of the plaintiff in disposing of the plaintiff's personal property when it failed to follow the statutory procedure and requirements set out in Chapter 743 prior to disposing of plaintiff's property.
Therefore, the court finds that the defendant herein did improperly dispose of the plaintiff's personal property within 60 days of the default by the plaintiff; also, that the defendant failed to give the plaintiff the statutory notice required either directly through mail or other direct contact, or indirectly by advertisement or posting of the notice.
Thus, the court finds for the plaintiff on Counts One and Two of its complaint.
As to Counts Three and Four, the court finds that the plaintiff failed to prove its allegations by a fair preponderance of the evidence, and finds for the defendant on both of these counts.
As a result of these statutory violations relating to Counts One and Two, the court finds that the plaintiff suffered damages in the sum of $12,000, i.e., the reasonable value of the plaintiff's personal property contained in the storage unit.
Judgment may enter for the plaintiff on Counts One and Two of its complaint, in the sum of $12,000 together with court costs; and,
As to counts Three and Four, judgment is to enter for the defendant.
Kremski, J.T.R.